**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY PROJECT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-00347-PLF |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit this Notice of Supplemental Authority to notify the Court of a recent opinion relevant to Defendants' pending Motion to Dismiss, which was issued subsequent to Plaintiffs' Opposition to that motion. On November 10, 2026, the D.C. Circuit affirmed a permanent injunction against the dismissal of the Director of Voice of America in *Abramowitz v. Lake*, __ F.4th __, 2026 WL 3398685 (D.C. Cir. Nov. 10, 2026). Among other things, the *Abramowitz* court rejected the government's argument that the federal employee plaintiff's claim challenging his termination was channeled to the Merit Systems Protection Board (MSPB) under the Civil Service Reform Act (CSRA).

In reaching this conclusion, the *Abramowitz* court first considered "the 30,000-foot view" of whether Congress intended to preclude a district court from hearing the type of claim at issue—that plaintiff was fired from his position as Director of Voice of America in contravention of a statute that authorized only the International Broadcasting Advisory Board to remove him—and concluded it did not because the "CSRA's administrative scheme serves goals that are distinct from the goals of [the statute at issue], and channeling to the MSPB would render [the statute at issue] entirely ineffective." *Id.* at *4.

The court then applied the three *Thunder Basin* factors and, warning against "overreading the CSRA's preclusive scope," found they also counseled against channeling. *Id.* at *5-6. In so holding, the court noted that "Abramowitz's claim is collateral to the CSRA's scheme. Unlike the typical aggrieved employee, Abramowitz does not seek to reverse his termination on its merits." *Id.* at *6. "Rather than seeking 'reinstatement, backpay, and attorney's fees'—'precisely the kinds of relief that the CSRA empowers the MSPB and the Federal Circuit to provide,' *Elgin v. Dep't of Treasury*, 567 U.S. 1, 22 (2012)—Abramowitz seeks an injunction against unlawful interference with his head-of-network position." *Id.* (cleaned up). The court also concluded that because "Abramowitz's claim is not 'intertwined with or embedded in matters on which the [MSPB is] expert,' *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 195 (2023)," the claim lay outside the MSPB's "substantive expertise." *Id.* (cleaned up).

Plaintiffs previously cited the district court opinion in *Abramowitz* in support of their argument that their claims are not channeled to the MSPB. Pls. Mem. of L. in Opp. To Defs. Mot. to Dismiss (ECF No. 45) at 33.

Finally, the *Abramowitz* court rejected the government's argument that the statute at issue violated Article II, relying on Congress' authority to regulate the removal of inferior officers. *Id.* at *6-8.

Dated: November 13, 2026. Respectfully submitted,

/s/ *Ori Lev*

PROTECT DEMOCRACY PROJECT
Ori Lev (D.C. Bar No. 452565)
Julia L. Torti*
Protect Democracy Project
2020 Pennsylvania Ave. NW, Suite #163
Washington, D.C. 20006
Tel: (202) 579-4582
Fax: (202) 769-3176
ori.lev@protectdemocracy.org
jules.torti@protectdemocracy.org

SELENDY GAY PLLC
Andrew R. Dunlap*
Corey Stoughton (D.C. Bar No. 472867)

Drake Reed*
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
adunlap@selendygay.com
cstoughton@selendygay.com
dreed@selendygay.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*